14-1533-cr
United States v. Ohanmu

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand fifteen.

PRESENT:  PIERRE N. LEVAL,
            CHESTER J. STRAUB,
            REENA RAGGI,
                *Circuit Judges.*

---------------------------------------------------------------------

UNITED STATES OF AMERICA,
            *Appellee*,

      v.                                     No. 14-1533-cr

VICTOR OSA OHANMU, AKA Idahosa Osaigbovo,
            *Defendant-Appellant.*

---------------------------------------------------------------------

FOR APPELLANT:             Randall D. Unger, Esq., Bayside, New York.

FOR APPELLEE:             Monica J. Richards, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 1, 2014, is AFFIRMED.

Defendant Victor Osa Ohanmu appeals from his conviction after trial of (1) attempting to reenter the United States without consent of the Attorney General after removal subsequent to a conviction for an aggravated felony, see 8 U.S.C. § 1326(a), (b)(2); and (2) making a false statement to a federal official, see 18 U.S.C. § 1001(a)(2). Ohanmu contends that exclusion of testimony from his wife denied him his due process right to present a defense.   Ohanmu submits that his wife would have testified that he had not intended to enter the United States but had been forced to do so when he found himself unable to make a U-turn upon escorting her and their children to the U.S.-Canada border. See generally United States v. Martus, 138 F.3d 95, 97 (2d Cir. 1998) (holding that § 1326(a) conviction requires proof of "voluntary act of reentry or attempted reentry"). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Where a defendant argues that excluded evidence deprived him of his right to present a defense, we generally determine first whether the evidentiary ruling was correct. See Hawkins v. Costello, 460 F.3d 238, 244 (2d Cir. 2006).   Even if we identify error, we will reverse only if "the omitted evidence evaluated in the context of the entire record creates a reasonable doubt that did not otherwise exist."   Id. (internal quotation marks omitted).

2

There was no error here. Ohanmu's wife testified out of the jury's presence so that the court could hear her proposed testimony. Asked to describe "the plan," she stated, "My husband was escorting us to the—to the border . . . . [W]hen we were leaving, he said he would take us to the shortcut to the border." J.A. 193–94, Tr. 11:19–12:1. She further stated that, at the border, Ohanmu "could not make a U-turn back home," J.A. 194, Tr. 12:17, and that he was not "going to Boston with [her]," J.A. 197, Tr. 15:12–13. Insofar as this testimony was offered to show that the defendant did not intend to enter the United States, it fails in two respects. First, the statements the witness ascribes to Ohanmu, even if admissible under the state-of-mind exception to the hearsay rule, see Fed. R. Evid. 803(3), do not express his intent after escorting his family to the border. Second, to the extent the witness conclusorily asserted that Ohamu had no intent to go to Boston, there was no evidence "sufficient to support a finding that the witness ha[d] personal knowledge of" her husband's intentions. Fed. R. Evid. 602. The testimony was thus properly excluded.

Even if we were to identify evidentiary error, however, the excluded testimony could not have created a reasonable doubt as to Ohanmu's guilt. Uncontroverted evidence showed that Ohanmu never told border officials that he did not wish to enter the United States but, instead, wished to turn back to Canada. Rather, he told them he was going to a funeral in Boston and, in support, produced a funeral flyer and a possibly fraudulent Canadian passport, which were admitted into evidence. See J.A. 24, 32, 37, 51, 66–67, 74. Thus, even if the jury had heard the excluded testimony and inferred that Ohanmu had

3

originally told his wife that he did not plan to enter the United States with her and their children, there could be no reasonable doubt that, upon arrival at the border, he knowingly attempted to enter the United States through his own voluntary acts. Thus, Ohanmu's claim that he was convicted in violation of due process fails.

We have considered Ohanmu's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court